UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WARREN K. BEARD,** <br><br> Petitioner, <br><br> vs. <br><br> **JOSEPH R. BIDEN,** <br><br> Respondent. | 2:22-CV-11181-TGB-JJCG <br><br><br> **ORDER DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION** <br> **(ECF NO. 1)** |

Petitioner Warren Beard filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 1. Despite designating this case as a habeas petition and indicating his intent to challenge the validity of his conviction or sentence, it is readily apparent that Petitioner is not in custody. Furthermore, Petitioner has not shown that he has been convicted nor sentenced by this Court for any crime, meaning the Court cannot hear his claim under 28 U.S.C. § 2255(e). For the reasons that follow, the petition must be **DISMISSED without prejudice for lack of jurisdiction.**

As 28 U.S.C. § 2255(a) makes plain, a petitioner may only file a habeas petition if they are "[a] prisoner in custody." Moreover, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United

1

States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). While a petitioner need not be physically incarcerated at the time of filing the habeas petition, they must be presently suffering under "restraint from a conviction." *Id.* at 492.

Moreover, 28 U.S.C. § 2255(e) states that even if a prisoner is "authorized to apply for relief by motion pursuant to this section," such a motion "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner is not in custody. In the form pleading he filled out to file his habeas petition, Petitioner selected "Other" when asked whether he was currently held by state or federal authorities. *Id.* at PageID.1. In explanation, Petitioner solely indicated that his "[r]ights have been suspended." *Id.* Similarly, when asked about the status of his detention, Petitioner selected "Other" and explained that his due process rights were violated and the government subjected him to "continual harassment." *Id.* To describe the "decision or action" he is challenging, Petitioner wrote that his "DNA was stolen to avoid political fallout from misinformation." *Id.* at PageID.2. And in his civil cover sheet for prisoners, Petitioner did not identify an inmate number or correctional facility, but merely filled in a residential address. *Id.* at PageID.15. Petitioner's description of the grounds for his petition is largely

2

incomprehensible. But regardless, he does not allege that he is currently incarcerated nor suffering under restraint of a prior conviction. Indeed, Petitioner does not mention any history of detention nor a conviction that has not "completely expired." *Maleng*, 490 U.S. at 493.

Petitioner provides no information regarding any underlying conviction and sentence. Petitioner did not list any information on the "decision or action" he is challenging. When asked for information on his first appeal, Petitioner affirmed that he had not appealed any underlying decision. ECF No. 1, PageID.2. Relatedly, Petitioner selected "No" when asked whether he had pursued second or third appeals of the challenged decision. *Id.* at PageID.3. Therefore, the Court cannot entertain Petitioner's request because he has failed to allege that he properly applied for relief from any sentencing court.

Because it is readily apparent that Petitioner is not in custody under 28 U.S.C. § 2255(a), and he has not applied for relief from any court that may have sentenced him under 28 U.S.C. § 2255(e), his purported habeas petition is **DISMISSED without prejudice for lack of jurisdiction**.

Lastly, for the reasons stated, the Court has serious doubts that Petitioner can proceed under 28 U.S. § 2255, but nonetheless addresses whether to issue a certificate of appealability ("COA") should Petitioner seek to appeal. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In cases brought under 28 U.S.C. § 2255, a COA may be issued only if the

3

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotations omitted). The Court has carefully reviewed the allegations Petitioner appends to his petition, and in addition to being completely unrelated to any criminal prosecution, sentence, or alleged constitutional errors arising from such proceedings, it is clear that they are frivolous or borderline irrational. Because Petitioner has not made a substantial showing here, the Court **DENIES** issuance of a COA.

**IT IS SO ORDERED.**

Dated: October 25, 2022   s/Terrence G. Berg
　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE